NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES CLINE,                              :
                                          :    Civil Action No. 13-5234 (SDW)
                                          :
         Plaintiff,                       :
                                          :
         v.                               :    **OPINION**
                                          :
SPECIAL TREATMENT UNIT, et al.,           :
                                          :
         Defendants.                      :

**APPEARANCES:**

    JAMES CLINE, Plaintiff pro se
    # 537
    Special Treatment Unit, Annex
    P.O. Box 905
    Avenel, New Jersey 07001-0905

**WIGENTON**, District Judge

    Plaintiff, James Cline, an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq.*, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and direct the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a

defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

## I. BACKGROUND

Plaintiff, James Cline ("Plaintiff"), brings this civil action for declaratory relief under Federal Rule of Civil Procedure 57. Plaintiff alleges that, on July 25, 2013, he was placed on Treatment Probation[1] for refusing to acknowledge his identity and prior conviction for a sex offense that had occurred on May 3, 1993, as part of his sex offender specific treatment. (ECF No. 1, Complaint at ¶¶ 4-7.) However, Plaintiff contends that the 1993 crime was "committed by another individual who may be using or sharing the 'Cline' name." (*Id*. at ¶ 5.) He also alleges that, on June 10, 2013, he underwent a polygraph test at his request that purportedly shows that Plaintiff was not deceptive when he responded "no" to the question about whether he committed a sexual offense on May 3, 1993. (*Id*. at ¶ 7.) Plaintiff attaches a copy of his STU Comprehensive Treatment Plan Review, dated February 4, 2013, which confirms Plaintiff's refusal to acknowledge his past sexual crimes and his refusal to participate in sex offender specific treatment. (*Id*. at Exhibit B.)

Plaintiff now contends that the government has the burden to prove he was the person who committed the sexual offense that was the underpinning for his commitment under the SVPA. He argues that he is being forced to undergo treatment for another's offense, or face sanctions for failing to do so, in violation of his rights to equal protection and due process under the Fourteenth Amendment. (*Id*., ¶¶ 9-11.) Plaintiff seeks a declaration that he did not commit

---

[1] Plaintiff characterizes Treatment Probation as a tool used by STU clinical officials to incentivize residents to improve their participation and receptiveness to therapy. If a resident fails to improve, he is placed on the Modified Activity Program ("MAP"), which would negatively impact a resident's ability to earn income for 30 days. (ECF No. 1, Compl., ¶ 4, fn. 1.)

the crimes as alleged, and that he shall not be forced to undergo sex offender specific treatment. He also seeks a declaration that Defendants shall not place Plaintiff on treatment probation or MAP status solely based on his refusal to participate in sex offender specific treatment. (*Id*., ¶ 15.)

This Court takes judicial notice of Plaintiff's previous applications before this Court in which Plaintiff made the very same allegations that he is being held as a civilly committed person under the SVPA as a result of mistaken identity. *See Cline v. Administrator, Northern State Prison*, Civil No. 09-6553 (SDW); *Cline v. Attorney General*, Civil No. 10-2299 (SDW). [2] The first action was terminated by Order dated May 4, 2010, because Plaintiff's action was more appropriately qualified as a submission under the All Writs Act, and the Clerk was directed to initiate a new and separate action for Plaintiff accordingly. (*Cline*, Civil No. 09-6553 (SDW) at ECF No. 2.)  In the second, re-characterized action, after the Respondent had provided an answer to the petition, this Court issued an Order dismissing the action with prejudice, on December 10, 2010, after finding that Respondent's "extensive certified exhibits" established to the Court's satisfaction that "(a) Petitioner's identity is not in dispute; (b) no identity-establishing proceedings are warranted; and (c) no further remedy in this matter is warranted." (*Cline*, Civil No. 10-2299 (SDW) at ECF No. 7, ¶¶ 3, 4.)

---

[2] The Court takes judicial notice of the earlier cases filed by Plaintiff, and considers the fact of those decisions in connection with this preliminary screening under 28 U.S.C. § 1915(e)(2)(B). *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999) (federal court, on motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must review complaints in those civil actions in which the litigant is proceeding *in forma pauperis*.  Specifically, this statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id*.  Accordingly, because Plaintiff is proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).  According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability

requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

### III.  DISCUSSION

This Court finds that Plaintiff's lawsuit is barred by the doctrine of collateral estoppel or issue preclusion.  Collateral estoppel is an equitable doctrine that prevents parties from relitigating issues that have already been fairly litigated and determined even if the other litigants were not party to the earlier proceedings.  *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 105 (3d Cir. 2006) (citing *Szehinskyj v. Atty. Gen. of the United States*, 432 F.3d 253, 255 (3d Cir. 2005).  The Third Circuit has reiterated the longstanding opinion that "[a] finding in a prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding." *James*, 197 Fed. App'x at 105 (citing *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568–69 (1951)).  Issue preclusion applies where  "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment. " *Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007); *see also Leyse v. Bank of America, Nat. Ass'n*, 538 F. App'x 156, 158-59 (3d Cir. 2013).

It is plainly evident from the Complaint submitted by Plaintiff that the issue of mistaken identity is again being challenged here, and that very issue was involved and actually litigated in Plaintiff's prior petition before this Court in *Cline*, Civil No. 10-2299 (SDW).   Moreover, this Court had determined that Plaintiff was not misidentified as alleged, and dismissed Plaintiff's application for relief accordingly by a final and valid judgment.  Plaintiff has not appealed this

prior judgment. Consequently, all four factors of collateral estoppel are established here, and this action must be dismissed with prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice, in its entirety, against all named Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim.  An appropriate order follows.


                                     *s/ Susan D. Wigenton*
                                     SUSAN D. WIGENTON
                                     United States District Judge

Dated: March 31, 2014